UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNDUS SHAKER SALEH,<br><br>   Plaintiff,<br><br>  v.<br><br>GEORGE W. BUSH, et al.,<br><br>   Defendants. | Case No. 13-cv-01124-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 29 |

In this putative class action for claims arising out of the United States' involvement in the Iraq War, the United States moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss the operative complaint. For the reasons set forth below, the Court will grant the motion with leave to amend.

I.   **BACKGROUND**

Plaintiff Sundus Shaker Saleh brings this action on her own behalf and on behalf of a putative class of Iraqi civilians against former President George W. Bush, former Vice President Richard Cheney, former Secretary of Defense Donald Rumsfeld, former National Security Advisor Condoleezza Rice, and former Deputy Secretary of Defense Paul Wolfowitz ("Defendants"). First Am. Compl. ("FAC"), ECF No. 25. Saleh alleges that Defendants committed the "crime of aggression" when they engaged the United States in war with Iraq. FAC ¶¶ 2, 8–14, 129–48. Saleh alleges that Defendants' actions violated "accepted customary norms of international law," as well as other established sources of international law, including the Kellogg-Briand Pact, the Nuremberg Charter, and the Charter of the United Nations. Id. ¶¶ 103, 133.

//

//

//

## II. LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff always bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

In considering a facial attack, the court "determine[s] whether the complaint alleges 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Terenkian v. Republic of Iraq, 694 F.3d 1122, 1131 (9th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "If the defendant instead makes a factual attack on subject matter jurisdiction, the defendant may introduce testimony, affidavits, or other evidence" and "[u]nder these circumstances, no presumptive truthfulness attaches to plaintiff's allegations." Id. (citation and internal quotation marks omitted).

## III. DISCUSSION

The United States moves to dismiss the operative complaint on the ground that the Court lacks subject matter jurisdiction over it. The United States contends that the Westfall Act requires the substitution of the United States for the individual Defendants because Saleh's claims are premised on the acts of government employees that were performed within the scope of their government employment. The United States further argues that, once this substitution occurs, all claims in the complaint must be treated as arising under the Federal Torts Claims Act ("FTCA"). The United States contends that the Court lacks jurisdiction under the FTCA because Saleh has not shown that she exhausted her administrative remedies prior to filing this action.

//

1    The Court addresses each of these issues in turn.

2         **A.    The Westfall Act**

3    The Westfall Act confers immunity to federal employees "by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment." United States v. Smith, 499 U.S. 160, 163 (1991); 28 U.S.C. § 2679(b)(1). The Act provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim in a United district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

"Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged." Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995). The party seeking review of the certification "bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." Id. (citation omitted).

Here, the Attorney General has certified that each individual Defendant was acting within the scope of his or her federal employment when performing the acts at issue. Saleh presents no evidence to challenge the certification's conclusion that Defendants were acting within the scope of their employment.[1] Instead, Saleh relies on allegations in the complaint, which are not evidence, to argue that Defendants' conduct was motivated by personal goals and not by the duties of the offices they held.[2] See Opp'n at 37-38 (citing FAC ¶¶ 26-33, 92, 34-54, 41, 42, 59, 60, 54, 77, 83, 85). Accordingly, because Saleh has failed to challenge the Attorney General's

---

[1] On behalf of the Attorney General, the Director of the Torts Branch of the U.S. Department of Justice has certified that each individual Defendant in this case was acting within the scope of his or her federal employment with regard to the incidents out of which Plaintiff's claims arise. See Certification of Scope of Employment, ECF No. 19–1.

[2] Saleh devotes the lion's share of her brief to the argument that the complaint cannot be dismissed in light of the purported incorporation of the "crime of aggression" into federal common law.

1 certification, this action shall be deemed an action against the United Sates and the United States
2 shall be substituted as the sole Defendant. See 28 U.S.C. § 2679(d)(1).

### B. The FTCA's Administrative Exhaustion Requirement

The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a). Because the operative complaint is devoid of any suggestion that Saleh filed an administrative claim with a federal agency prior to filing this suit, the Court is without jurisdiction to adjudicate her claims. See Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) ("The requirement of an administrative claim is jurisdictional. Because the requirement is jurisdictional, it must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.") (internal citations and quotation marks omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993) (holding that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

### IV. CONCLUSION

The United States' motion to dismiss for lack of subject matter jurisdiction is GRANTED. Saleh may file an amended complaint within twenty days of the date this order is filed that addresses the deficiencies identified in this order. A failure to do so will result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: May 19, 2014

_____
JON S. TIGAR
United States District Judge