UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNDUS SHAKER SALEH,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>Defendants. | Case No. 13-cv-01124-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING AND GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF Nos. 38, 43 |

Before the Court are Plaintiff Sundus Shaker Saleh's Osborn Motion for an Evidentiary Hearing in Support of her Second Amended Complaint, ECF No. 38, and Defendants' Motion to Dismiss, ECF No. 43. For the reasons set forth below, the motion for an evidentiary hearing is DENIED and the motion to dismiss is GRANTED.

I.  **BACKGROUND**

Plaintiff Saleh brings this action on her own behalf and on behalf of a putative class of Iraqi civilians against former President George W. Bush, former Vice President Richard Cheney, former Secretary of Defense Donald Rumsfeld, former National Security Advisor Condoleeza Rice, former Secretary of State Colin Powell, and former Deputy Secretary of Defense Paul Wolfowitz ("Defendants"). ECF No. 37. Saleh alleges that Defendants "broke the law in conspiring and committing the Crime of Aggression against the people of Iraq" when they engaged the United States in war with Iraq. Id. ¶ 1. She alleges that Defendants' actions violated international law, citing sources of international law including the Kellogg-Briand Pact, the United Nations Charter, and the Nuremberg Charter. Id. ¶¶ 139-44, 149-54.

On May 19, 2014, the Court granted Defendants' Motion to Dismiss Saleh's First Amended Complaint and permitted Saleh to file an amended complaint addressing the deficiencies identified by the Court. ECF No. 35. Saleh filed her Second Amended Complaint on June 8,

1  2014, ECF No. 37, and her motion requesting an evidentiary hearing the following day, ECF No.
2  38. On June 23, 2014, the United States filed its Notice of Substitution of the United States as
3  Sole Defendant pursuant to the Westfall Act, 28 U.S.C. § 2679(b), and its motion to dismiss the
4  operative complaint for lack of subject matter jurisdiction. ECF Nos. 42, 43. The Court will
5  address the motion for an evidentiary hearing and the motion to dismiss in turn.

## II.  PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING

On behalf of the Attorney General, the Director of the Torts Branch of the United States Department of Justice has certified that each individual Defendant in this case was acting within the scope of his or her federal office or employment at the time of the incidents out of which Saleh's claims arise. ECF No. 42-1. Plaintiff seeks an evidentiary hearing to challenge the certification of scope of employment or, in the alternative, an Order from the Court that it will assume the truth of the factual allegations in the complaint for the purposes of challenging the certification. ECF No. 38. For the reasons below, the motion is DENIED.

### A.  The Westfall Act

The Westfall Act confers immunity on federal employees by making a Federal Tort Claims Act ("FTCA") action against the Government "the exclusive remedy for torts committed by Government employees in the scope of their employment." United States v. Smith, 499 U.S. 160, 163 (1991); 28 U.S.C. § 2679(b)(1). The act provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The exclusivity of the FTCA remedy is applicable even if it bars a plaintiff's recovery. See Smith, 499 U.S. at 166 ("Congress recognized that the required substitution of the United States as the defendant in tort suits filed against Government employees would sometimes foreclose a tort plaintiff's recovery altogether.").

"Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless

2

challenged." Billings v. United States, 57 F.3d 797, 800 (9th Cir. 1995). The party seeking review of the certification "bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." Id.

### B. Legal Standard

A district court has discretion to hold an evidentiary hearing to permit investigation of the Attorney General's certification that a government employee was acting within the scope of his or her employment at the relevant time. Kashin v. Kent, 457 F.3d 1033, 1043 (9th Cir. 2006). However, a court "should not do so if the certification, the pleadings, the affidavits, and any supporting documentary evidence do not reveal an issue of material fact." Id.

### C. Discussion

Plaintiff's challenge to the Attorney General's scope of employment certification is based on her allegations that Defendants formed an intent to invade Iraq before they came into office and that their actions were driven entirely by personal motivations, including their ideological and religious convictions, and not by the duties of the offices they held. ECF No. 38 at 3. Defendants contend that Saleh's request for a hearing must be rejected because she has neither presented any evidence nor alleged any facts sufficient to meet her burden of disproving that Defendants were acting within the scope of their employment during the Iraq War. ECF No. 46 at 3.

The Court concludes that an evidentiary hearing would be inappropriate in this case because the certification and pleadings in this case "do not reveal an issue of material fact" as to whether Defendants were acting within the scope of their employment in conjunction with the war in Iraq. Kashin, 457 F.3d at 1043. Under District of Columbia scope of employment law, which is drawn from the Restatement (Second) of Agency:

> (1) Conduct of a servant is within the scope of employment if, but only if:
> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and space limits;
> (c) it is actuated, at least in part, by a purpose to serve the master, and
> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized

time or space limits, or too little actuated by a purpose to serve the master.

Council on Am. Islamic Relations v. Ballenger, 444 F.3d 659, 663 (D.C. Cir. 2006).[1]

It is clear that, even taking all of Saleh's factual allegations as true, the scope of employment requirements are satisfied. Defendants were formerly the Commander-in-Chief, the Vice-President, the Secretary of Defense, the National Security Advisor, and the Deputy Secretary of Defense of the United States. With respect to the first and second prongs of the test, engaging in war is without doubt among conduct of the kind the these defendants were employed to perform and, notwithstanding Saleh's claim that Rumsfeld and Wolfowitz had a preexisting plan to invade Iraq, the planning and execution of the war with Iraq "occur[ed] substantially within the authorized time" of Defendants' employment. Similarly, because Saleh does not allege that Defendants personally used force and any use of military force they authorized in conjunction with war "is not unexpectable," the fourth prong is satisfied.

The third prong, providing that conduct "is actuated, at least in part, by a purpose to serve the master," requires only "a *partial* desire to serve the master." Council on Am. Islamic Relations, 444 F.3d at 665; see also id. at 664 ("the proper [scope of employment] inquiry focuses on the underlying dispute or controversy, not on the nature of the tort, and is broad enough to embrace any intentional tort arising out of a dispute that was originally undertaken on the employer's behalf" (internal quotation marks omitted)); Allaithi v. Rumsfeld, 753 F.3d 1327, 1333 (D.C. Cir. 2014) ("[District of Columbia] law requires an employee be *solely* motivated by his own purposes for consequent conduct to fall outside the scope of employment."); Weinberg v. Johnson, 518 A.2d 985, 989 (D.C. 1986) ("where the employee is in the course of performing job duties, the employee is presumed to be intending, at least in part, to further the employer's interests"). Saleh alleges that "Defendants were not motivated by genuine national security interests" but rather, "*inter alia*, by personally-held neo-conservative convictions which called for American military dominance of the Middle East, and by a religious worldview." ECF No. 37

---

[1] The parties agree that District of Columbia law governs the scope of employment determination in this case. ECF No. 43 at 7 n.7; ECF No. 47 at 12-13. See also Kashin, 457 F.3d at 1037-39 (applying District of Columbia law).

1  ¶ 109.  But these alleged "neo-conservative convictions" relate to the military and political position of Defendants' employer, the United States, not to any personal gain that Defendants sought from a war with Iraq.  Saleh has presented no evidence and alleged no fact that would suggest that Defendants' actions in planning and prosecuting the war in Iraq were not motivated, at least in part, by a subjective desire to serve the interests of the United States.[2]

### III.   DEFENDANTS' MOTION TO DISMISS

#### A.  Legal Standard

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  The plaintiff always bears the burden of establishing subject matter jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

#### B.  Discussion

The United States moves to dismiss the operative complaint on the ground that the Court lacks subject matter jurisdiction over this action.  ECF No. 43.  The Government argues that the United States must be substituted as Defendant, and that the Court lacks subject matter jurisdiction because (1) Saleh failed to exhaust her administrative remedies before filing suit; (2) the United States has not waived its sovereign immunity for suits based upon customary international law; (3) Saleh's claims are barred by the foreign country exception to the FTCA; and (4) Saleh's claims are barred by the combatant activities exception to the FTCA.  Id. at 3.  In any event, the Government argues, the political question doctrine bars Saleh's claims, and her claims cannot be brought under the Alien Tort Statute.  Id. at 4.  Finally, the Government contends that even if this Court does have subject matter jurisdiction over the action, venue is improper in this district.  Id.

---

[2] Saleh acknowledges that the argument that alleged violations of *jus cogens* norms are always outside the scope of employment has been rejected. ECF No. 47 at 16 n.22. She attempts to distinguish her "narrower" argument that such violations are outside the scope of government employment when the United States has ratified a treaty prohibiting the relevant conduct, but she cites no U.S. authority in support of this position. Id.

### 1. The Westfall Act

As explained above, the Westfall Act makes a Federal Tort Claims Act action against the Government "the exclusive remedy for torts committed by Government employees in the scope of their employment." Smith, 499 U.S. at 163; 28 U.S.C. § 2679(b)(1). "Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged." Billings, 57 F.3d at 800. The party seeking review of the certification "bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." Id.

Here, the Attorney General has certified that Defendants were acting within the scope of their federal employment when performing the acts at issue. ECF No. 42-1. For the reasons explained above, the Court concludes that Saleh cannot meet her burden of disproving that Defendants were acting within the scope of their employment during the Iraq War.[3] Accordingly, this action shall be deemed an action against the United States and the United States shall be substituted as the sole Defendant. See 28 U.S.C. § 2679(d)(1).

### 2. Administrative Exhaustion Requirement

The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. 2675(a). Because the operative complaint, like the prior complaint considered by the Court in its May 19, 2014 Order, is devoid of any suggestion that Saleh filed an administrative claim with a federal agency prior to filing this suit, the Court is without jurisdiction to adjudicate her claims. See Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) ("The requirement of an administrative claim is jurisdictional. Because the requirement is jurisdictional, it must be strictly adhered to. This is

---

[3] Saleh argues that the Government is estopped from arguing that the crime of aggression is within the scope of an official's employment or from certifying that Defendants' conduct is within the scope of employment because this position is inconsistent with the United States' statements before the Nuremburg Tribunal following the Second World War. ECF No. 47 at 10-12. But she cites no case, and this Court is aware of none, that supports her position that the proceedings of an international criminal military tribunal can have preclusive or estoppel effect on a subsequent civil case in federal court. See ECF No. 49 at 2-4.

particularly so since the FTCA waives sovereign immunity.  Any such waiver must be strictly construed in favor of the United States.")  (internal citations and quotations omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

## IV.  CONCLUSION

Because the Court concludes that it lacks subject matter jurisdiction over this action, it will not consider the numerous additional arguments presented by the parties.  For the reasons above, Plaintiff's motion for an evidentiary hearing is DENIED and the United States' motion to dismiss is GRANTED.  The action is hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated:  December 19, 2014

_____
JON S. TIGAR
United States District Judge